

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
**ATTORNEY GENERAL**

Game, Fish and Oyster Commission
Austin, Texas

Gentlemen:                         Attention:  Mr. H. D. Dodgen

                                   Opinion No. O-3389
                                   Re:  Locations for private
                                        oyster beds in public
                                        waters--lapse of part
                                        thereof--acquisition
                                        of more than 100 acres.

        We have your request for an opinion on the above
questions, which reads as follows:

        "In accordance with the provisions of
        Article 4030, R. C. S. and certain other Ar-
        ticles included in the same chapter, the Game,
        Fish and Oyster Commission has issued locators
        certificates to various applicants in this con-
        nection.

        "Your opinion on the following question is
        respectfully requested:

        "1.  After a certificate of location has
        been granted to a locator, may the locator lapse
        a part of such location and retain the remainder -

        "a.  By simply notifying the Game, Fish and
        Oyster Commission of his desire to do so?

        "b.  By notifying the Game, Fish and Oyster
        Commission of his desire to lapse a portion of
        his claim and by furnishing the proper field
        notes of a competent surveyor describing the
        portion desired to be withdrawn?

        "2.  If the answer to either section of the
        first question is in the affirmative, may a por-
        tion of any location be dropped, without rental

payment on such portion, after annual rental payment has become due.

"3. In the event a locator is issued a certificate and the spouse of such locator is likewise issued a certificate on a separate location, may one of them lawfully retain both locations upon the death of the other when the total acreage of the locations so held totals more than one hundred acres?

"4. If the answer to the third question is in the negative, may the living spouse retain such portion of the two claims as will equal not more than one hundred acres?"

The statutes controlling these matters are Articles 4035-4041, inclusive, Revised Civil Statutes of Texas which we quote in full:

"Art. 4035. Any person who is a citizen of the United States or any domestic corporation shall have the right of obtaining a location for planting oysters and making private oyster beds within the public waters of this State, by making written application to the Commissioner describing the location desired. A fee of twenty dollars cash must accompany such application.

"Art. 4036. When the application and fee provided for in the preceding article have been received by the Commissioner he shall examine thoroughly the location desired, as soon as practicable, with tongs, dredge or any other efficient means. If the same be not a natural oyster bed or reef, and exempt from location by any article of this chapter, he shall have the location surveyed by a competent surveyor. In making said location, said surveyor shall plant two iron stakes or pipes on the shore line nearest to the proposed location, one at each end of the proposed location, which said stakes or pipes shall be not less than two inches in diameter, and be set at least three feet in the ground. Said stakes or pipes shall

be placed with reference to bearings of not less than three natural or permanent objects or land marks. And the locator shall place and maintain under the direction of the Commissioner a buoy at each corner of his oyster claim farthest from the land. No person shall locate water or ground covered with water for planting oysters along any bay shore in this State, nearer than one hundred yards from shore.

"Art. 4037. The Commissioner shall give the locator a certificate signed and sealed by the Commissioner. Such certificate shall show the date of application, date of survey, number, description of metes and bounds with reference to the points of the compass and natural and artificial objects by which said location can be found and verified. The locator shall, before such certificate is delivered to him, pay the Commissioner surveyor's fees and all other expenses connected with establishing such location. If such sums, as costs of the location and establishment of the claim, are less than the twenty dollars paid to the Commissioner, the difference in amount shall be returned to such locator by the Commissioner. If such expenses amount to more than twenty dollars, the deficit shall be paid to the Commissioner by the locator.

"At any time not exceeding sixty days after the date of such certificate of location, the locator must file the same with the county clerk of the county in which the location is situated, who shall record the same in a well bound book kept for that purpose, and the original with a certificate of registration shall be returned to the owner or locator; the clerk shall receive for the recording of such certificate the same fee as for recording deeds; the original or certified copies of such certificate shall be admissible in evidence under the same rule governing the admission of deeds or certified copies thereof.

"Art. 4038. Any person who shall be granted a certificate of location as provided for in the preceding article shall be protected in his possession thereof against trespass thereon in like manner as freeholders are protected in their possessions, as long as he maintains all stakes and buoys in their original and correct position, and complies with all laws, rules and regulations governing the fish and oyster industries.

"Art. 4039. No person, firm or corporation shall ever own, lease or otherwise control more than one hundred acres of land covered by water, the same being oyster locations under this chapter, and within the public waters of this State; and any person, firm or corporation that now holds more than one hundred acres of oyster locations, shall not be permitted hereafter to acquire, lease or otherwise control more; provided that no corporation shall lease or control any such lands covered by water unless such corporation shall be duly incorporated under the laws of this State.

"Art. 4040. Any person, firm or corporation who has secured, or may hereafter secure a location for a private oyster bed in this State, shall keep the two iron stakes or pipes and buoys as provided for by law, in place, and shall preserve the marks so long as he is the lessee of said location, and this shall apply also to any person, firm or corporation acquiring any location by purchase or transfer of any nature, and said locator or the assignee of any locator shall have the right to fence said location or any part thereof; provided that said fence does not obstruct navigation through or into a regular channel or cut leading to other public waters.

"Art. 4041. The owner or locator of private oyster beds under the foregoing provisions shall not be required to pay any rentals on such locations for a period of five years, or till such time as he shall begin to market or sell oysters

from such location or bed. When such locator
shall begin to sell or market oysters from
such location, he shall pay the State one dol-
lar and fifty cents per acre per annum and two
cents a barrel on oyster sales. Failure to pay
such rental by the first day of March of each
year shall annul and be a forfeiture of his
lease. And if oysters are not marketed or sold
from such location within five years from the
date of location, such location shall become
void."

The above quoted statutes make no provision for the
lapse of a part of a location. Article 4038, supra, protects
the rights of the locator in the possession of his location
only "so long as he maintains all stakes and buoys in their
original and correct position." It would appear, therefore,
that the only method whereby a locator may surrender a part of
his location, is to make application for a new certificate for
the smaller area in the same manner by which he obtained the
original larger location. Our answer to both parts of your
first question is in the negative, which makes an answer to
your second question unnecessary.

We turn now to a consideration of your third question.
Article 4039, supra, expressly limits to not more than one hun-
dred acres the area of oyster locations which may be owned,
leased or otherwise controlled by any one person, firm or cor-
poration. Where a spouse, acquires by inheritance, oyster loca-
tions which together with those previously owned by him total
more than one hundred acres, he may not be permitted to retain
more than one hundred acres. In such case, he may obtain new
certificates embracing parts of both claims not totalling more
than one hundred acres in the manner indicated in our answer to
your first question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 20, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By Walter R. Koch
Walter R. Koch
Assistant

WRK:RS

